UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOB DAAR and THERESA DARR,

    Plaintiffs,

v.                                        Case No.  09-11861

BEAL BANK S.S.B.,                  HONORABLE AVERN COHN

    Defendant.

_____/

**<u>MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS</u>**[1]

I.  Introduction

This is a case claiming violations of state and federal law regarding a defaulted home loan.  Plaintiffs Bob and Theresa Daar sued defendants Alliance Funding Home Loans (Alliance) and Countywide Home Loans Servicing (Countrywide) alleging that defendants convinced them to borrow more money than they could afford to refinance their home.  As will be explained, Alliance conveyed its interest in the loan to Beal Bank who is now the sole defendant.

Before the Court is Beal Bank's motion to dismiss.  For the reasons that follow, the motion will be granted.

II.  Background

In 1991, plaintiffs purchased a home in Walled Lake, Michigan for $64,000.00.  In 2001, plaintiffs sought to refinance their loan to lower their interest rate.  At the time,

---

[1]This matter was originally scheduled this matter for hearing.  Upon review of the parties' papers, however, the Court finds that oral argument is not necessary.  <u>See</u> E.D. Mich. LR 7.1(e)(2).

they owed $99,500.00 on the home. On September 21, 2001, plaintiffs obtained a $122,000.00 loan from Alliance.[2] Countrywide serviced the loan. Plaintiffs used the extra $20,000.00 in part to remodel and improve the home. The loan was a 15 year balloon with a 8.25% interest rate and monthly payment of $916.55 for 179 months. Thereafter, one lump payment of $95,390.41 would be due. With escrow and taxes, the payment was over $1,200.00 a month. The Uniform Residential Loan Application listed plaintiffs monthly income from Theresa Darr in the amount of $2,291.66, or $27,500.00 per year.

Plaintiffs says that defendants informed them they could sell the home or refinance if they had problems making payments. Plaintiffs also say that defendants improperly valued the property and essentially offered them a loan that they could not afford.

As security for the loan, plaintiffs granted Alliance a mortgage on the property.

In April 2003, Allied conveyed its interest to Beal Bank.

Plaintiffs eventually defaulted on the loan.

On April 16, 2009, plaintiffs filed suit against Alliance and Countywide in state court, presenting thirteen claims under state and federal law. Defendants removed the case to federal court on the basis of federal question jurisdiction. On May 19, 2009, Countrywide filed a motion to dismiss. On June 10, 2009, the Court entered a stipulated order requiring plaintiffs' pay $600.00 per month into an escrow account with the court.

---

[2]Although plaintiffs allege they both obtained the loan, the loan document lists only Theresa Daar as the borrower.

On June 24, 2009, plaintiffs filed a Second Amended Complaint removing Alliance and adding Beal Bank as a defendant. The Second Amended Complaint asserts the following claims:

| | |
|---|---|
| Count I | violation of 15 U.S.C.§ 1639 |
| Count II | Predatory Lending |
| Count III | violation of 15 U.S.C. § 1601 |
| Count IV | fraudulent misrepresentation |
| Count V | negligent misrepresentation |
| Count VI | violation of Mortgage, Brokers, Lenders and Services Licensing Act, M.C.L. § 445.1651 et seq |

Plaintiffs seek rescission, disgorgement, reformation and damages.

Meanwhile, on June 26, 2009, the Court entered an order of dismissal as to Countrywide.[3]

On August 5, 2009, Beal Bank filed the instant motion. Plaintiffs did not timely respond.[4] On September 9, 2009, the Court held a status conference and directed plaintiffs to file a response within two weeks, gave Beal Bank one week to reply, and scheduled a hearing. Plaintiffs filed a response on October 8, 2009. Beal Bank then filed a reply.

III.  Motion to Dismiss

---

[3] Plaintiffs never filed a response to Countrywide's motion to dismiss.

[4] Under the local rules, plaintiffs's response was due 21 days after service. See E.D. Mich. LR 7.1(d)(1)(B).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombley, 550 U.S. 544, 545 (2007). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir.2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Aschcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 1949 (internal quotation marks and citation omitted).

IV. Analysis[5]

A. Count I

In Count I, plaintiffs say that Beal Bank violated the Home Ownership and Family

---

[5]Although plaintiffs' response was not timely, it will be considered.

Protection Act (HOEPA),15 U.S.C. § 1639(h),[6] by extending credit to them without considering their ability to repay the debt.  This section provides:

> (h) Prohibition on extending credit without regard to payment ability of consumer A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in section 1602(aa) of this title based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment

Beal Bank says that this claim is subject to dismissal for a number of reasons, including that it is time barred.  The Truth in Lending Act (TILA's) one-year statute of limitations, located at 15 U.S.C. § 1640(e), applies to HOEPA claims.  Section 1640(e) states:  "Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year form the date of the occurrence of the violation."  15 U.S.C. § 1640(e).  As a general rule, "the statute of limitations begins to run 'when the plaintiff has complete and present cause of action' and thus 'can file suit and obtain relief.' " Wike v. Vertrue, Inc., 566 F.3d 590, 593 (6th Cir. 2009) (quoting Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc., 522 U.S. 192, 201,(1997) (internal quotation marks omitted)).

Here, plaintiffs' loan was made in 2001.  They did not file suit until 2009, well beyond one year.  Thus, plaintiffs claim for damages based on a violation of section 1639(h) is barred.

In the Second Amended Complaint (SAC), however, plaintiffs allege that "the

---

[6] Plaintiffs' complaint characterizes this claim as a TILA claim; however, it is more accurately described as a claim under HOEPA.  "The Home Ownership and Equity Protection Act of 1994 augmented TILA with additional disclosure obligations and substantive requirements for particular high-cost mortgages." Fonua v. First Allied Funding, No. 09-497, 2009 WL 816291, at *4 (N.D. Cal. Mar.27, 2009).

5

statutes of limitations in this matter was subject to equitable tolling." SAC at ¶ 26. Plaintiffs also argue in their response that equitable tolling should apply. The Sixth Circuit has held that § 1640(e) is subject to equitable tolling " 'in appropriate circumstances, and that for application of the doctrine of fraudulent concealment, the limitations period runs from the date on which the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation.' " Borg v. Chase Manhattan Bank USA, N.A., 247 F. App'x 627, 635 (6th Cir. 2007) (quoting Jones v. TransOhio Sav. Ass'n, 747 F.2d 1037, 1043 (6th Cir. 1984)). The Sixth Circuit has explained that to toll the limitations period on the basis of wrongful concealment, "a plaintiff must show '(1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.' " Hamilton County Bd. of Comm'rs v. NFL, 491 F.3d 310, 315 (6th Cir. 2007) (quoting Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 394 (6th Cir.1975)).

Plaintiffs' single allegation regarding equitable tolling is insufficient to warrant equitable tolling. Plaintiffs' response contains a recitation of case law from other jurisdictions where equitable tolling was invoked; however, plaintiffs do not present any arguments as to why it should apply to the facts of this case. Notably, plaintiffs do not allege any fraud on the part of Beal Bank, or due diligence on their part, to require the Court to toll the statutory period. Moreover, the loan documents clearly set forth the terms of the loan, including interest rates and monthly payments. The fact that the loan terms were plainly disclosed militates against invoking equitable tolling. See Mills v.

Equicredit Corp., 294 F. Supp. 2d 903, 908 (E.D. Mich. 2003). Because Plaintiffs' claim is time-barred and the doctrine of equitable tolling does not apply, Count I must be dismissed.[7]

### B. Count II

As to Count II, while plaintiffs argue that predatory lending "should be" a viable cause of action, Michigan does not recognize such a claim. See Saleh v. Home Loan Services, Inc., 2009 WL 2496682 at *2 n. 1 (E.D. Mich. Aug.17, 2009); see also Beydoun v. Countrywide Home Loans, Inc., 2009 WL 1803198 at *4 (E.D. Mich. June 23, 2009) (assuming plaintiff brought his claim under TILA or HOEPA because Michigan does not have a statute covering "Predatory Lending."). As such, plaintiffs' predatory lending claim is dismissed for failure to state a claim.

### C. Count III

In Count III, plaintiffs claim various violations of the TILA, for allegedly providing "false interest rate, fee and monthly payment disclosures in connection with the closing of the mortgage loan transaction on the Property" and "did not provide Plaintiffs with a Notice of Right to Cancel." SAC at ¶ 42, 45.

TILA provides for statutory penalties if a creditor fails to make certain disclosures required under the statute. "One of the primary purposes of the TILA is 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uniformed use of credit.' "

---

[7]Beal Bank also argues that plaintiffs have failed to properly plead the claim and Beal Bank is not liable for Alliance's actions. The Court declines to consider these arguments.

Inge v. Rock Fin. Corp., 281 F.3d 613, 619 (6th Cir. 2002) (quoting 15 U.S.C. § 1601(a)). To accomplish this purpose, the statute empowers the Federal Reserve board through Regulation Z, 12 C.F.R. § 226, to require certain disclosures to consumers regarding the terms and costs of credit, including residential mortgage transactions. Inge, 281 F.3d at 619.

### 1. Statutory Damages

Beal Bank says that plaintiffs' TILA claim should be dismissed based on the one-year statute of limitations, 15 U.S.C. § 1640(e). As noted above, plaintiffs say that tolling should apply.

Section 1635 permits recovery for failure to provide the relevant disclosure of statutory damages pursuant to 15 U.S.C. § 1640. 15 U.S.C. § 1635(g). As noted above, under § 1640, there is a statutory period of one year. 15 U.S.C. § 1640(e) which "begins to run 'when the plaintiff has complete and present cause of action' and thus 'can file suit and obtain relief.' " Wike v. Vertrue, Inc., 566 F.3d 590, 593 (6th Cir. 2009) (quoting Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal., Inc., 522 U.S. 192, 201 (1997) (internal quotation marks omitted)).

Plaintiffs obtained their loan in 2001 and did not file suit until 2009. The statutory period has run, and therefore, damages are barred. For the reasons stated above regarding plaintiffs' HOEPA claim under Count I, the Court cannot toll the running of the statutory period. See Hamilton County Bd. of Comm'rs, 491 F.3d at 315.

### 2. Rescission

In addition to statutory damages under § 1640, plaintiffs have requested that the Court grant relief in the form of rescission, as available in § 1635. When a plaintiff

requests relief in the form of rescission, the applicable statute of limitations is three years under TILA. 15 U.S.C. § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction."). Unlike the statute of limitations provided in § 1640(e), the three-year right to rescind is a statutorily created right that expires three years after a refinancing. Breach v. Ocwen Fed. Bank, 523 U.S. 410, 417-18 (1998) ( "Section 1635(f) . . . . talks not of a suit's commencement but of a right's duration, which it addresses in terms so straightforward as to render any limitations on the time for seeking a remedy superfluous.").

The right of rescission is available to ensure that creditors "provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Breach, 523 U.S. at 1410. Here, again plaintiffs obtained the loan in 2001 and did not file suit until 2009. This is well beyond the three year period and again there is no basis of equitable tolling. Count III must therefore be dismissed.

### D. Counts IV and V

Beal Bank moves to dismiss plaintiffs' claims of fraudulent and negligent misrepresentation under Counts IV and V for failing to plead the claims with particularity as required by Federal Rule of Civil Procedure 9(b). To meet the particularity requirements of Rule 9(b), the plaintiff must "specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Frank v. Dana Corp., 547 F.3rd 564, 569-570 (6th Cir.2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's pleadings must provide "more than labels and conclusions, and

a formulaic recitation of the elements of a cause of action will not do." Ass'n of Cleveland Fire Fighters, 502 F.3d at 548 (quoting Bell Atlantic, 127 S.Ct. at 1964-65).

Plaintiffs' allegations in Counts VI and VII fail to meet these requirements. At best, the allegations constitute recitations of the elements of fraudulent misrepresentation and negligent misrepresentation, and are thus insufficient to survive Beal Bank's motion to dismiss. See Ass'n of Cleveland Fire Fighters, 502 F.3d at 548. Beal Bank is entitled to dismissal of Counts VI and VII as matter of law. Twombly, 550 U.S. at 564.

### E.  Count VI

In Count VI, plaintiffs claim a violation of the Michigan Brokers, Lenders and Services Licensing Act (MBLSLA), M.C.L. § 445.1651. Beal Bank says that the claim should be dismissed because it depends on plaintiffs' claims for misrepresentation which plaintiffs have failed to make out. It also says that the MBLSLA does not apply to it because it is a "depository financial institution."

The MBLSLA states:

It is a violation of this act for a licensee or registrant to do any of the following: (a) Fail to conduct the business in accordance with law, this act, or a rule promulgated or order issued under this act. (b) Engage in fraud, deceit, or material misrepresentation in connection with any transaction governed by this act.

Mich. Comp. Laws. § 445.1672. Putting aside whether Beal Bank is subject to the MBLSLA, plaintiffs do not allege any further specific facts with respect to this claim, but rather appears to rely on the fraud counts. As discussed above, plaintiffs have not properly plead these claims. Accordingly, Count VI is subject to dismissal. See Hanning v. Homecomings Fin. Networks, 436 F. Supp. 2d 865, 872 (W.D. Mich.2006)

10

(finding that MBLSLA claim was contingent on fraud claim and dismissing the former when had already dismissed the latter).

## V.  Conclusion

For the reasons stated above, Beal Bank's motion to dismiss is GRANTED.  This case is DISMISSED.

SO ORDERED.

                      s/ Avern Cohn
                      AVERN COHN
                      UNITED STATES DISTRICT JUDGE

Dated:  October 21, 2009

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 21, 2009, by electronic and/or ordinary mail.

                      s/ Julie Owens
                      Case Manager, (313) 234-5160